# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL BOYD,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; and WELLS FARGO BANK, NA,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-2

## O R D E R

Before the Court is Defendant Wells Fargo's ("Wells Fargo") Motion to Compel, (doc. 34), and Second Motion to Compel, (doc. 37), Defendant Experian Information Solution's ("Experian") Motion to Compel, (doc. 38), and Defendants' Joint Motion for Discovery Extension, (doc. 39). For the reasons set forth below, Defendants' Motions are **GRANTED.**

## BACKGROUND

Plaintiff filed this action on January 5, 2015, alleging that Wells Fargo transmitted false credit information to Experian in violation of the Free Credit Reporting Act, 15 U.S.C. § 1681, after his ex-wife fraudulently opened an account using Plaintiff's name. (Doc. 1.) Plaintiff further alleges that Experian failed to properly maintain his credit file and, therefore, did not correct erroneous information contained within his credit report. (Id.) After the parties filed their Rule 26(f) Report, (doc. 12), the Court entered a Scheduling Order on May 13, 2015, (doc. 17). Pursuant to that Order, discovery in this case was due by September 14, 2015. The parties filed a Consent Motion for Extension of Discovery Period through November 13, 2015, (doc. 25), which the Court granted on September 10, 2015, (doc. 27). The parties filed a Second

Consent Motion for Extension of Discovery Period through February 11, 2016, (doc. 28), which the Court granted in part on November 9, 2015, (doc. 29), ordering that the parties conclude discovery by December 14, 2015.

On December 14, 2015, Wells Fargo filed a Motion to Compel Discovery, (doc. 34), requesting that the Court compel Plaintiff to (1) identify medical professionals who provided treatment for emotional distress; (2) produce documentation demonstrating the extent of credit damage; (3) provide credit history reports for the relevant time period; and (4) produce the power-of-attorney Plaintiff's ex-wife used to open the fraudulent account. (Doc. 34.) Plaintiff did not respond to Wells Fargo's Motion to Compel. Also on December 14, 2015, the parties filed a Joint Motion for Extension of Discovery Period through February 12, 2016, (doc. 33), which the Court granted on December 29, 2016, (doc. 36).

On February 11, 2016, Wells Fargo filed a Second Motion to Compel. (Doc. 37.) Having received only one credit history report from Plaintiff, which pre-dated his dispute with Defendants, Wells Fargo requested that the Court order Plaintiff to execute an authorization allowing Equifax to release his credit history report, or, in the alternative, to compel Equifax to produce Plaintiff's records. (Id.) Wells Fargo also requested that the Court compel Plaintiff to produce his credit reports and documentation of his calculation of damages, as requested in its first motion to compel. Wells Fargo requested attorney's fees in each of its motions to compel.

The following day, on February 12, 2016, Experian also filed a Motion to Compel Discovery Responses. (Doc. 38). As Plaintiff has, to date, provided no responses to any of its discovery requests, Defendant Experian moves the Court to compel Plaintiff to produce responses to Experian's first set of interrogatories and first requests for production. (Id.) Defendants also filed a Motion for Discovery Extension, (doc. 39), on February 12, 2016.

Defendants request that the Court extend the discovery period for thirty days following its ruling on Defendants' motions to compel.

On February 29, 2016, Plaintiff filed Responses in Opposition to Defendant Wells Fargo's Second Motion to Compel and Defendant Experian's Motion to Compel. (Docs. 42, 43.) In his first Response, (doc. 42), Plaintiff stated that "Plaintiff cannot produce documents which the Plaintiff does not have," and in his second Response, (doc. 43), Plaintiff informed the Court that he had "served full answers to [Experian's] Interrogatories and Request for Production of Documents." Contrary to Plaintiff's assertion, Experian has not received responses to its discovery requests. The Court held a hearing to address these Motions on March 22, 2016. For the reasons stated on the record at the hearing and as supplemented below, Wells Fargo's Motions to Compel Discovery are **GRANTED**, (docs. 34, 37), Experian's Motion to Compel Discovery is **GRANTED**, (doc. 38), and Defendants' Motion for Discovery Extension (doc. 39), is **GRANTED in part**.[1]

---

[1] Should any future discovery disputes arise, the parties must attempt to first informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rules 26(c)(1) and 37(a)(2) of the Federal Rules of Civil Procedure, and Local Rule 26.5, by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention. In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions. The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court will entertain a discovery motion. In connection with the filing of any such motions, the moving party shall submit the appropriate certifications to the Court as required by Federal Rules of Civil Procedure Rules 26(c)(1) and 37(a)(2).

The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-identified steps have been strictly complied with. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

**DISCUSSION**

**I.   Defendant Wells Fargo's Motions to Compel Discovery (Docs. 34, 37)**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Upon a showing of good cause, a court may order discovery of "any matter relevant to the subject matter involved in the action." Id. Further, a party may request that the opposing party produce documents or items within the scope of discovery and in another party's possession or control. Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information . . . ."). When a party fails to answer an interrogatory or fails to produce a requested document or item, the Court may order that party to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Furthermore, Federal Rule of Civil Procedure 37(a)(4) states, "[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

**A. Interrogatories 11 and 13**

In the case at hand, Wells Fargo acknowledges that any deficiencies in Plaintiff's Response to its Interrogatories have been resolved by Plaintiff's recent supplementation of his prior responses. Accordingly, the portions of Wells Fargo's first Motion seeking responses to these discovery requests are now moot.

### B. Request to Produce No. 10: Calculation of Damages

In its Request to Produce No. 10, Wells Fargo requested that Plaintiff "[p]roduce all documents evidencing or relating to Plaintiff's calculation of the amount of damages claimed to have been suffered[.]" (Doc. 34, p. 8.) Plaintiff indicated both in his Response to Defendant's Second Motion to Compel and at the hearing conducted on March 22, 2016, that he does not possess any documentation regarding his calculation of damages. However, in his deposition, Plaintiff claimed that his wife has copies of documents responsive to Wells Fargo's request. (Id. at p. 9.) Moreover, as discussed at the hearing, this request is broader than merely a line item calculation of Plaintiff's damages. It also requests copies of documents that evidence or relate to Plaintiff's damages. The request would include, for example, documents that reflect transactions or contracts that Plaintiff constitutes represent portions of his damages. Thus, to the extent Plaintiff possesses or may obtain responsive documentation regarding his calculation of damages, the Court **GRANTS** that portion of Wells Fargo's Motion. Plaintiff is **ORDERED** to provide any documentation evidencing his calculation of damages to Defendants' counsel on or before **April 15, 2016**.

### C. Request to Produce No. 17: Power of Attorney

In its Request to Produce No. 17, Wells Fargo requested that Plaintiff produce the expired power-of-attorney which he purports his ex-wife used to open a fraudulent account in his name at Wells Fargo Bank. (Doc. 34, p. 10.) Initially, Plaintiff partially produced the requested document, but omitted the portion of the power-of-attorney containing its expiration date. At the hearing, Plaintiff's counsel indicated that he had in his possession a complete copy of the power-of-attorney, but failed to produce it to Defense counsel. Accordingly, the Court further

**GRANTS** that portion of Wells Fargo's Motion requesting a complete copy of the power-of-attorney and **ORDERS** Plaintiff to produce the document immediately.

### D. Request to Produce No. 5 and Wells Fargo's Second Motion to Compel

In its first motion to compel, (doc. 34), Wells Fargo requested that Plaintiff produce copies of his credit history reports encompassing the relevant time period. During Plaintiff's deposition on December 8, he testified that he regularly checks his credit score by accessing a Credit Karma "app" on his phone. (Doc. 37, p. 8 n.4.) Despite this testimony, Plaintiff produced only one credit history report that pre-dates his dispute with Defendants.

As a result of Plaintiff's failure to produce adequate documentation regarding his credit history, Wells Fargo attempted to subpoena those documents from Equifax. (Id. at p. 5.) Equifax, however, refuses to release the documents to Wells Fargo without Plaintiff's written authorization. (Id. at p. 6.) Accordingly, Wells Fargo requested in writing, on two separate occasions, that Plaintiff provide the written authorization, but received no response. (Id. at pp. 6–7.) Wells Fargo now moves the Court to order Plaintiff to produce a fully executed, notarized authorization form so that it may obtain the requested documents from Equifax. Defense counsel attempted, in good faith, on two separate occasions to obtain information regarding Plaintiff's credit history, but has received neither the requested documentation nor a signed authorization form from Plaintiff. As stated at the hearing, the Court also **GRANTS** this portion of Wells Fargo's Motion. Plaintiff is **ORDERED** to sign the authorization form allowing Equifax to release his credit history report to Defendant by **April 15, 2016**.

## II. Defendant Wells Fargo's Request for Expenses and Attorney's Fees

In addition to authorizing the Court to compel a party to provide requested discovery, Rule 37 also authorizes the award of expenses and attorney's fees to a party that successfully brings a motion to compel. Specifically, the Rule states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, and/or against the attorney who advised such conduct, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1019 (5th Cir. 1981) (party opposing motion to compel liable for moving party's reasonable expenses and attorney's fees regardless of whether party opposing motion acted in bad faith).

In the case at hand, there is no dispute that Plaintiff did not provide responsive information to Wells Fargo's Interrogatories 11 and 13 until after the First Motion to Compel. See Fed. R. Civ. P. 37(a)(5)(A) ("[I]f the disclosure or requested discovery is provided after the motion was filed[,] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Additionally, he provided no documentation regarding his calculation of damages or his credit history reports, nor did he

provide authorization allowing Wells Fargo to access his credit history. See Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days of being served or . . . within 30 days after the parties' first Rule 26(f) conference.") See Fed. R. Civ. P. 37(d)(1)(A)(ii) (The Court may order sanctions if "a party, after being properly served with . . . a request for inspection under Rule 34, fails to serve its answers, objections, or written response."). Moreover, Plaintiff had the opportunity to correct his failure to disclose documents pertaining to his calculation of damages before the Motion was filed in response to Defense counsel's November 20, 2015, letter and December 8, 2015, oral request during Plaintiff's deposition. (Doc. 34-1, pp. 4–5.) Plaintiff had a similar opportunity to correct his failure to produce his credit history report. Plaintiff had multiple opportunities to sign the authorization form which would allow Equifax to release his credit history report. (See Doc. 37-2, p. 3) (describing Defense counsel's request at Plaintiff's deposition that he execute the authorization form, followed by two additional written requests). Furthermore, Plaintiff's initial disclosure of the power-of-attorney form was incomplete and evasive, as it did not include the page containing the pertinent expiration date. See Fed. R. Civ. P. 37(a)(4) ("For the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."). At the hearing conducted on March 22, 2016, Plaintiff's counsel indicated that he had in his possession a complete copy of the expired power-of-attorney. However, Plaintiff's counsel again failed to produce the document to Wells Fargo.

Plaintiff offers no legitimate reason for his failure to timely respond to the interrogatories or to provide the requested documents. He offered no response to the First Motion to Compel, and, as to the Second Motion, he merely states that has "not done anything to keep Wells Fargo from [s]ubpoenaing records from Equifax" and that he "cannot produce documents which [he]

does not have." (Doc. 42, p. 1.) However, in his deposition, Plaintiff stated that he regularly checks his credit score and that his current wife has access to documents concerning his credit history. (Doc. 37-3.) Further, Plaintiff's counsel stated that he and Plaintiff would discuss the authorization form following the deposition. (Id.) Therefore, despite his apparent ability to do so, Plaintiff has neither produced his credit reports nor signed the authorization form. Accordingly, the Court finds that Plaintiff, without substantial justification, failed to respond to Wells Fargo's Requests for Production. Further, the record shows that Wells Fargo attempted, in good faith, to resolve these disputes before moving for sanctions.

On this record, the Court would ordinarily be obligated to award Wells Fargo the reasonable expenses, including attorney's fees, requested in its motions to compel. Fed. R. Civ. P. 37(a)(5)(A). However, Wells Fargo has not provided any evidence of the amount of expenses it incurred as Defense counsel's law firm has not yet released the prior month's billing information. See Monaghan v. SZS 33 Associates, L.P., 154 F.R.D. 78, 84 (S.D.N.Y. 1994) ("As a general rule, a party seeking an award 'should submit evidence supporting the hours worked and rates claimed.'" (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983))). Thus, the Court will grant Wells Fargo leave of **14 days'** from the date of this Order to supplement its motion for sanctions with a calculation of costs and fees incurred as a result of its motions to compel.

### III.     Experian's Motion to Compel Discovery Responses (Doc. 38)

The Federal Rules of Civil Procedure specifically provide an avenue for a party to pose questions to a party by way of interrogatory. Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."). Additionally, a party may request the opposing party to produce documents or items within the scope of discovery and in

another party's possession or control. Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information . . . ."). When a party fails to answer an interrogatory or fails to produce a requested document or item, the Court may order that party to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Furthermore, Federal Rule of Civil Procedure 37(a)(4) states, "[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

Experian sent Plaintiff requests for discovery and interrogatories on July 20, 2015. (Doc. 38, p. 1.) Plaintiff has neither objected to Experian's requests and interrogatories, nor provided any responses. (Id. at pp. 1–2.) As required by Fed. R. Civ. P. 37(a)(1), counsel for Experian has, in good faith, attempted to confer with Plaintiff's counsel to obtain proper responses to its discovery requests. (Id. at p. 2.) Though Plaintiff's counsel informed the Court at the hearing conducted on March 22, 2016, that he had responded to Experian's interrogatories and requests for production, Experian has received no such response. Additionally, Plaintiff's counsel was not able to produce copies of his discovery response to the Court at the hearing. Accordingly, the Court will treat Plaintiff's counsel's evasive response as a failure to disclose, and, therefore, **GRANTS** Experian's Motion to Compel Discovery Responses. (Doc. 38). Plaintiff is **ORDERED** to respond to Experian's first set of interrogatories and requests for production by **March 31, 2015**. Moreover, Plaintiff shall file a supplemental response to Experian's Motion to Compel on the Court's docket. In that Response, Plaintiff shall submit proof that he served his discovery responses on Experian prior to the hearing. He shall state the

10

date that he previously sent the discovery responses to Experian and the manner he sent them, and he shall provide a copy of those discovery responses, including the certificate of service.[2]

**IV.  Defendants' Motion for Discovery Extension (Doc. 39)**

Defendants' Joint Motion asked the Court to extend the current discovery deadline of February 12, 2016, for an additional thirty (30) days after the Court rules on Defendants' Motions to Compel. (Doc. 39, p. 1.) Defendants explained that the discovery issues set forth in their Motions have prevented them from preparing dispositive motions. (Id. at p. 2.) The parties further requested additional time to conduct discovery regarding a recently added party, Velocity Investments, LLC. (Id. at p. 2.)

As stated previously on record, the Court finds that an extension of time is warranted only as to the outstanding discovery issues presented in Defendants' Motions to Compel, as well as limited discovery pertaining to the newly added defendant. Therefore, for the reasons stated on the record, the parties' joint Motion is **GRANTED**. It is ordered that the discovery period be extended up to and including **May 1, 2016**. Discovery during this time period shall be limited to those issues addressed by the Defendants' Motions to Compel and limited discovery regarding the newly added Defendant. The parties shall not engage in discovery measures which could have been taken during the original discovery period.

**CONCLUSION**

For the reasons and in the manner set forth above, Defendants' Motions to Compel, (docs. 34, 37, 38) are **GRANTED** and Defendants' Motion for Extension of Discovery Period, (doc. 39) is **GRANTED** for the limited period of time and issues stated above. In addition,

---

[2] At this stage, Experian does not seek fees and costs occasioned by Plaintiff's failure to comply with his discovery obligations. (Doc. 38, p. 3.)

11

Defendant Wells Fargo is granted leave to supplement its motion for sanctions with a calculation of expenses and attorney's fees associated with its motions to compel.

**SO ORDERED**, this 29th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA