# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL BOYD,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; AND WELLS FARGO BANK, NA,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-2

## **O R D E R**

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Statement of Attorney's Fees. (Doc. 52.) Wells Fargo's Statement followed this Court's Order of March 29, 2016. (Doc. 48). In that Order, the Court granted Defendants' Motions to Compel. (Docs. 34, 37, 38.) For the reasons set forth below, the Court **GRANTS** Defendant Wells Fargo's request for attorney's fees and **ORDERS** Plaintiff and his counsel to each pay Defendant Wells Fargo $2,626.30 (for a total of $5,252.60) for attorneys' fees and expenses incurred by Wells Fargo in bringing its Motions to Compel.

The Court's prior Order followed a March 22, 2016 hearing on Defendants' Motions to Compel. At that hearing and in its prior Order, the Court discussed the course of discovery in this case which the Court need not rehash herein. Put succinctly, Plaintiff repeatedly failed to respond to Defendant Wells Fargo's discovery requests and failed to correct those failures despite numerous opportunities to do so. The Court pointed out that a party prevailing on a Motion to Compel is entitled to an award of expenses and fees unless the Court finds that the opposition to the motion was substantially justified or other circumstances make an award of

expenses unjust. (Doc. 48, p. 9 (citing Fed. R. Civ. P. 37(a)(5)(A).) The Court held that Plaintiff's discovery failures were not substantially justified, because "Plaintiff offers no legitimate reason for his failure to timely respond to the interrogatories or to provide the requested documents." (Id. at p. 8.) Thus, the Court concluded, Federal Rule of Civil Procedure 37(a)(5)(A) obligates the Court to award Wells Fargo its reasonable expenses, including attorney's fees, incurred in bringing the Motions to Compel. Id.

In the prior Order, the Court granted Defendant Wells Fargo leave to supplement its Motion with a calculation of expenses and attorney's fees associated with its motions to compel. (Id. at pp. 9, 12). Wells Fargo then submitted a Statement of Attorney's Fees in which it contends its counsel incurred $5,252.60 in bringing its Motions to Compel. (Doc. 52, p. 1.) Wells Fargo supported this statement with a sworn declaration from counsel as well as detailed hourly billing records. (Id. at pp. 2–27.)

In his Response to Defendant's Statement of Attorney's Fees, (doc. 54), Plaintiff contends that an award of expenses would be unjust because he partially responded to some of Wells Fargo's discovery requests prior to the Motions to Compel.[1] (Doc. 54.) Defendant Wells Fargo responds that "the fact that Plaintiff provided deposition testimony regarding some issues covered in the First Motion [to Compel] does not absolve him from cooperating in the discovery process," (doc. 57, p. 2, n.1), and avers that the Court has already determined that Plaintiff's

---

[1] Specifically, Plaintiff asserts that, (1) Defendant Wells Fargo had "absolutely no reason . . . to address" whether he had "seen a doctor or psychologist for his emotional distress," in its Motion to Compel because Plaintiff responded that this issue was "inapplicable" in his answer; (2) in response to Wells Fargo's Interrogatory 13, Plaintiff submitted a document showing that he had been turned down for a mortgage and discussed unfavorable terms of other loans for which he applied; (3) he produced some credit reports in response to Wells Fargo's Request for Production Number 5; (4) he provided a response to Interrogatory 10 in which he gave an explanation of damages suffered; and (5) he produced a letter from Plaintiff's ex-wife's attorney post-dating the termination of the power of attorney. These arguments do not excuse Plaintiff's failure to respond to Wells Fargo's discovery requests. Moreover, these arguments are belated as Plaintiff did not offer them in response to the discovery requests or in response to Wells Fargo's Motions to Compel.

2

failure to provide the requested discovery was without substantial justification (doc. 57, p. 3; (citing doc. 48, p. 9)).

Having reviewed the parties' pleadings and the record in this case, the Court agrees with Defendant. The fact that Plaintiff provided incomplete responses to some of Defendant's discovery requests does not obviate his obligation to provide complete responses or excuse his failure to provide responses to other requests. Furthermore, as pointed out in the Court's prior Order, Plaintiff failed to take advantage of opportunities to correct his deficient discovery responses before Wells Fargo filed the Motions to Compel, entirely failed to respond to Wells Fargo's First Motion to Compel, and did not offer any substantive response to Wells Fargo's Second Motion to Compel. (Doc. 48, pp. 8–9.) Thus, as the Court already determined, Plaintiff has not shown that his opposition to Defendant's Motions to Compel was substantially justified or that an award of expenses would be unjust.

More importantly for present purposes, Plaintiff has offered no argument addressing the accuracy or reasonableness of Wells Fargo's calculation of attorneys' fees. Plaintiff states that there "is no breakdown as to how much time was spent on which aspects of the Motions to Compel." (Doc. 54, p. 5.) Thus, he contends, he "cannot respond adequately as to whether the time spent on various aspects are correct or reasonable or not or as to whether the alleged time was spent on issues on which Wells Fargo prevailed in the Motions to Compel." However, Wells Fargo prevailed on all aspects of their Motions to Compel. (Doc. 48, pp. 4–6.) Moreover, the Court has reviewed Wells Fargo's records in detail and finds their fees and expenses to be reasonable considering the issues involved. Indeed, the fees and expenses could have been higher as Wells Fargo has not claimed any fees or expenses for attending the February 22, 2016, hearing on the Motions to Compel.

Additionally, Plaintiff's failure to provide complete and timely responses to Wells Fargo's discovery requests appears to be, in part, the fault of his counsel rather than Plaintiff individually. For instance, at the hearing, Plaintiff's counsel indicated that he had in his possession a complete copy of the power-of-attorney which Plaintiff purports his ex-wife used to open a fraudulent account in his name at Wells Fargo. However, at that time, counsel had failed to produce it to Defense counsel. Accordingly, the Court will require that Plaintiff's counsel pay a portion of the award to Defendants. See Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993) (Rule 37 does not require court to make specific finding that attorney instigated discovery misconduct before imposing sanctions upon attorney; rather, the rule identifies attorneys advising or overseeing discovery as possible subjects of sanctions along with clients and vests trial court with broad discretion to apportion fault between them).

For all of these reasons, the Court hereby **ORDERS** Plaintiff's counsel to, within thirty (30) days of the date of this Order, pay Defendant Wells Fargo $2,626.30 for attorney's fees and expenses incurred in bringing Defendant Wells Fargo's Motions to Compel. The Court further **ORDERS** Plaintiff to, within sixty (60) days of the date of this Order, pay Defendant Wells Fargo the remaining $2,626.30 for attorney's fees and expenses incurred in bringing Defendant Wells Fargo's Motions to Compel.

**SO ORDERED**, this 6th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA